UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MIRENA IUS LEVONORGESTREL-RELATED
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2559


ORDER DENYING TRANSFER


**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in all actions move to centralize this litigation in the Middle District of Tennessee or, alternatively, the Northern District of Alabama or the Western District of Kentucky. The litigation consists of nine actions pending in six districts, as listed on Schedule A.[1] Defendant Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") opposes centralization and, in the alternative, requests the Southern District of New York.

Some characteristics of this litigation suggest that it would benefit in certain respects from centralization. The subject actions share factual issues arising from allegations that the synthetic hormone released by the Mirena IUD (levonorgestrel) causes abnormal elevation of cerebrospinal fluid in the skull, resulting in a neurological condition known as pseudotumor cerebri or idiopathic intracranial hypertension, and that Bayer failed to warn consumers of this risk. Additionally, the Panel has centralized litigation concerning the Mirena IUD which focuses on another type of injury – uterine perforation and migration. *See In re: Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d 1355 (J.P.M.L. 2013).

Several factors in this new wave of actions, however, weigh against centralization. First, the nine actions before the Panel are filed by a single plaintiffs' counsel, and name the same defendant, which has national counsel coordinating its response to this litigation. Defendant represents that it stands ready and willing to share any overlapping discovery upon entry of an appropriate protective order (which already has been entered in two actions). Given the few involved counsel and limited number of actions, informal cooperation among the involved attorneys is both practicable and preferable to centralization. *See In re: Chilean Nitrate Products Liab. Litig.*, 787 F. Supp. 2d 1347, 1347 (J.P.M.L. 2011). The actions before the Panel are well-positioned for informal coordination, as they all are in their infancy with discovery having commenced in a handful of actions only in the last few months.

Although plaintiffs assert that the number of actions is likely to expand substantially, the mere possibility of additional actions does not convince us that centralization is warranted.[2] Moreover, the

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] The Panel has been notified of six additional related actions.

[2] *See In re: Intuitive Surgical, Inc., Da Vinci Robotic Surgical Sys. Prods. Liab. Litig.*, 883 F. Supp.2d 1339, 1340 (J.P.M.L.2012) (denying centralization, noting that "[w]hile proponents maintain that this litigation may encompass 'hundreds' of cases or 'over a thousand' cases, we are presented with, at most, five actions.").

-2-

present record does not support plaintiffs' conclusory assertions. Since the filing of the motion, only six potential tag-along actions have been filed, most by the same counsel and/or counsel working in coordination with him.

Plaintiffs' reliance on the Panel's decision centralizing Mirena actions alleging uterine perforation and migration injuries in MDL No. 2434 is misplaced. The record before the Panel in that litigation involved a far greater number of actions – in addition to the eight actions on the motion, there were 40 related actions in 17 other districts filed by numerous different plaintiffs' counsel. *See* 938 F. Supp. 2d at 1356. Effective voluntary coordination in that context was not feasible. *See id.* Additionally, unlike the uterine perforation and migration injuries at issue in MDL No. 2434, plaintiffs' alleged neurological symptoms – principally, headaches and vision problems – are nonspecific, which Bayer asserts will give rise to a fact-intensive inquiry over whether each plaintiff was properly diagnosed.[3]

On the basis of the papers filed and the hearing session held, we will deny plaintiffs' motion. Although the actions share factual questions arising out of allegations that Mirena's hormonal component causes intracranial hypertension and related injuries, we are unconvinced that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. Given the limited number of involved counsel and actions, and the individualized causation disputes likely to predominate, alternatives to formal centralization appear to be preferable, particularly at this early stage of litigation. *See, e.g., In re: Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan    Sarah S. Vance
R. David Proctor

---

[3] Plaintiffs also acknowledge that intracranial hypertension regularly is diagnosed in individuals who do not use Mirena, which will create further individualized causation issues.

IN RE: MIRENA IUS LEVONORGESTREL-RELATED
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2559

# SCHEDULE A

Northern District of Alabama

HOUSTON v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 2:14-00035
BRIDGES, ET AL. v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 2:14-00036

Northern District of Georgia

THURMOND v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 1:14-00822

Western District of Kentucky

SMITH v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 3:14-00006
HARDWICK v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 3:14-00082
BABICH-ZACHARIAS v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 5:14-00101

Eastern District of Tennessee

CREASY v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 3:14-00064

Middle District of Tennessee

COPLEY v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 3:14-00406

Western District of Virginia

KELLINGTON v. BAYER HEALTHCARE PHARMACEUTICALS, INC.,
   C.A. No. 5:14-00002